

1  Drew Henwood, Esq.
   The Law Offices of Drew Henwood
2  93 Devine Street, Suite 100
   San Jose, CA 95110                    **IT IS SO ORDERED.**
3  California Bar No. 184529              **Signed February 8, 2012**
   (408) 279-2730
4  (408) 279-2735 fax

5

6                                         _____
   Attorney for debtor                    **Arthur S. Weissbrodt**
7                                         **U.S. Bankruptcy**
   Michele Thi Huynh
8

9

10
                    **UNITED STATES BANKRUPTCY COURT**
11                  **NORTHERN DISTRICT OF CALIFORNIA**

12
   In re                              Case No. 10-62883-ASW-11
13
   **MICHELE THI HUYNH,**             Chapter 11
14
                                      **ORDER VALUING LIEN OF JUNIOR LIEN**
15                  Debtor.           **HOLDER TERWIN ADVISORS, LLC'S CLAIM**
                                      **AS WHOLLY UNSECURED AND VOID THE**
16                                    **LIEN**

17 **MICHELE THI HUYNH,**

18
                    Movant.
19    v.s.

20 **TERWIN ADVISORS, LLC.**

21
                    Respondent.
22

23
       On January 10, 2012, Debtor filed a motion to value the lien of Terwin Advisors,
24
   LLC. (hereinafter Lienholder) against the property commonly known as 1611 Peachwood
25
   Drive, San Jose, CA 95132 which lien was recorded in County of Santa Clara's Office on March
26
   19, 2007 as Document No. 19346936 (hereinafter the Lien).
27
       The court finds that notice of the motion upon Lienholder was proper. Lienholder
28
   having failed to file timely opposition to Debtor's motion, the court hereby orders as follows.

(1) For purposes of Debtor's chapter 11 plan only, the Lien is valued at zero, Terwin Advisors, LLC does not have a secured claim, and the Lien may not be enforced, pursuant to Title 11 U.S.C. §§ 506, 1322 (b)(2) and 1327.

(2) This order shall become part of Debtor's confirmed chapter 11 plan.

(3) Upon entry of a discharge in Debtor's chapter 11 case or completion of all plan payments, the Lien shall be voided for all purposes, and upon application by Debtor, the court will enter an appropriate form of judgment voiding the Lien.

(4) If Debtor's chapter 11 case is dismissed or converted to one under another chapter before Debtor obtains a discharge, this order shall cease to be effective and the Lien shall be retained to the extent recognized by applicable non-bankruptcy law, and upon application by the lien holder, the court will enter an appropriate form of order restoring the Lien.

(5) Except as provided by separate, subsequent order of this Court, the Lien may not be enforced so long as this order remains in effect.

****END OF ORDER****