1  Drew Henwood, Esq.
   The Law Offices of Drew Henwood
2  93 Devine Street, Suite 100
   San Jose, CA 95110
3  California Bar No. 184529
   (408) 279-2730
4  (408) 279-2735 fax

5

6                                        The following constitutes the
   Attorney for debtor                   Order of the Court. Signed _____ 20 __
7
   Michele Thi Huynh         NOT SIGNED. SEE ATTACHMENT "A." DATE:   ᴧ|8|12
8                                        HON. ARTHUR S. WEISSBRODT
                                         United States Bankruptcy Judge
9

10
                    UNITED STATES BANKRUPTCY COURT
11                  NORTHERN DISTRICT OF CALIFORNIA

12
   In re                              Case No. 10-62883-ASW-11
13
   MICHELE THI HUYNH,                 Chapter 11
14
                                      ORDER VALUING LIEN OF JUNIOR LIEN
15              Debtor.               HOLDER WELLS FARGO BANK, NATIONAL
                                      ASSOCIATION'S CLAIM AS WHOLLY
16                                    UNSECURED AND VOID THE LIEN
   _____
17 MICHELE THI HUYNH,

18
                       Movant.
19     v.s.

20
   WELLS FARGO BANK, NATIONAL
21 ASSOCIATION.

22                     Respondent.
   _____
23

24        On January 10, 2012, Debtor filed a motion to value the lien of Wells Fargo Bank,

25 National Association. (hereinafter Lienholder) against the property commonly known as

26 1611 Peachwood Drive, San Jose, CA 95132 which lien was recorded in County of Santa

27 Clara's Office on April 18, 2007 as Document No. 19391057 (hereinafter the Lien).

28        The court finds that notice of the motion upon Lienholder was proper. Lienholder

   having failed to file timely opposition to Debtor's motion, the court hereby orders as follows.

Page 1 -   REQUEST FOR DEFAULT AND ENTRY OF ORDER BY                    In re: Michele Thi Huynh
           A DEFAULT AND DECLARATION IN SUPPORT THEREOF                 Case No. 10-62883-ASW-11

Case 10-62883   Doc# 75   Filed: 02/08/12   Entered: 02/08/12 15:18:58   Page 1 of 6

(1) For purposes of Debtor's chapter 11 plan only, the Lien is valued at zero, Wells Fargo Bank, National Association does not have a secured claim, and the Lien may not be enforced, pursuant to Title 11 U.S.C. §§ 506, 1322 (b)(2) and 1327.

(2)     This order shall become part of Debtor's confirmed chapter 11 plan.

(3)     Upon entry of a discharge in Debtor's chapter 11 case or completion of all plan payments, the Lien shall be voided for all purposes, and upon application by Debtor, the court will enter an appropriate form of judgment voiding the Lien.

(4)     If Debtor's chapter 11 case is dismissed or converted to one under another chapter before Debtor obtains a discharge, this order shall cease to be effective and the Lien shall be retained to the extent recognized by applicable non-bankruptcy law, and upon application by the lien holder, the court will enter an appropriate form of order restoring the Lien.

(5)     Except as provided by separate, subsequent order of this Court, the Lien may not be enforced so long as this order remains in effect.

****END OF ORDER****

Attachment A

Service in accordance with Bankruptcy Rule 7004 on a corporation or institution must be addressed to **an individual's name** who is an officer of the corporation or institution.

Service in accordance with Bankruptcy Rule 7004 on an FDIC insured depository institution must be made by **certified mail** addressed to **an individual's name** who is an officer of the institution.

Judge Weissbrodt's Practice Tip from the United States Bankruptcy Court's website is attached.

UNITED STATES BANKRUPTCY COURT
for the
NORTHERN DISTRICT OF CALIFORNIA
SAN JOSE DIVISION

Arthur S. Weissbrodt
United States Bankruptcy Judge Telephone: (408) 278-7575

## Practice Tip: Service by Mail on Corporations, Partnerships and Financial Institutions

On several occasions, matters before the Court have been continued due to improper service under Rules 7004 and 9014 of the Federal Rules of Bankruptcy Procedure ("FRBP") . The majority of these service problems relate to service by mail on corporate entities and financial institutions in contested matters. To help the parties avoid these errors in future, the applicable provisions are outlined below.

FRBP 9014(b) provides that a motion in a contested matter must be served in accordance with the manner of service provided for service of a summons and complaint under FRCP 7004. See also, In re Villar, 317 B.R. 88 (9th Cir. BAP 2004). FRBP 7004 provides, in pertinent part, as follows:

> *Rule 7004. Process; Service of Summons, Complaint*
> . . .
>
> *(b) Service by first class mail.*
> *Except as provided in subdivision (h), in addition to the methods of service authorized by Rule 4(e) -(j) F.R.Civ.P., service may be made within the United States by first class mail postage prepaid as follows:*
>
> > . . .
> >
> > *(3) Upon a domestic or foreign corporation or upon a partnership or other unincorporated association, by mailing a copy of the summons and complaint to the attention of an officer, a managing or general agent, or to any other agent authorized by appointment or by law to receive service of process and, if the agent is one authorized by statute to receive service and the statute so requires, by also mailing a copy to the defendant.*
> >
> > . . .

Case: 10-62883   Doc# 75   Filed: 02/08/12   Entered: 02/08/12 15:18:58   Page 4 of 6

*(g) Service on the debtor's attorney.*
*If the debtor is represented by an attorney, whenever service is made upon the debtor under this Rule, service shall also be made upon the debtor's attorney by any means authorized under Rule 5(b) F. R. Civ. P.*

*(h) Service of process on an insured depository institution.*
*Service on an insured depository institution (as defined in section 3 of the Federal Deposit Insurance Act) in a contested matter or adversary proceeding shall be made by certified mail addressed to an officer of the institution unless—*

> *(1) the institution has appeared by its attorney, in which case the attorney shall be served by first class mail;*

> *(2) the court orders otherwise after service upon the institution by certified mail of notice of an application to permit service on the institution by first class mail sent to an officer of the institution designated by the institution; or*

> *(3) the institution has waived in writing its entitlement to service by certified mail by designating an officer to receive service.*

<u>Please Note</u>:

1.   The Guidelines for Valuing and Avoiding Liens in Individual Chapter 11 Cases and Chapter 13 Cases for the United States Bankruptcy Court for the Northern District of California ("Guidelines for Valuing and Avoiding Liens") specifically provide:

   *Because a motion to strip lien seeks relief against a specific, identifiable party, debtor must comply with B.L.R. 9014-1(b) & (c). Debtor should take care to serve the affected lienholder in the manner required by the FRBP, and in particular FRBP 7004(b) and 7004(h) as to certain lenders.*

   Guidelines for Valuing and Avoiding Liens, ¶ 2.

2.   When a corporation is served to the attention of an agent for service of process, a copy of the motion must also be served on the corporation. Service on the registered agent alone is insufficient. FRBP 7004(b)(3).

3.   **Service to the "attention of an officer, a managing or general agent" under FRBP 7004(b)(3) requires that the movant "determine the name of the president or other officer and make sure the envelope is addressed to him or her, by name." <u>In re</u>**

Case: 10-62883   Doc# 75   Filed: 02/08/12   Entered: 02/08/12 15:18:58   Page 5 of 6

**Schoon**, 153 B.R. 48, 49 (Bankr. N.D. Cal. 1993). **Accord Villar**, 317 B.R. at 93; **In re Pittman Mechanical Contractors, Inc.**, 180 B.R. 453, 457 (Bankr. E.D. Va. 1995). **Service to "Attn: Officer" is insufficient.**

4.    The official website of the Federal Deposit Insurance Corporation has a "Bank Find" search feature, which allows the searcher to determine if a financial institution is an "insured depository." If an institution is an "insured depository" then the institution must be served in accordance with the provisions of FRBP 7004(h). This "Bank Find" search can be found at http://www2.fdic.gov/idasp/main_bankfind.asp.

5.    If the party being served has failed to properly update his or her address, service on the old address of record is proper. In re Cossio, 163 B.R. 150 (9th Cir. BAP 1994), aff'd 56 F.3d 70 (9th Cir. 1995). The burden is the party who has changed his or her address to ensure that his or her address is properly updated in the official records.

6.    If relief is sought against any entity that has filed a claim, all papers shall be mailed to the address shown on the proof of claim. B.L.R. 9014-1(b)(4)(A).

7.    Service of an objection to a proof of claim is governed by FRBP 3007, not 7004. Therefore, service of an objection on the person designated on the proof of claim as the notice recipient is sufficient. In re State Line Hotel, Inc., 323 B.R. 703 (9th Cir. BAP 2005), vacated and remanded as moot, 242 Fed. Appx. 460 (9th Cir. 2007).

Case: 10-62883   Doc# 75   Filed: 02/08/12   Entered: 02/08/12 15:18:58   Page 6 of 6